IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| Plaintiff, | § | |
| v. | § | Criminal Action No. 4:22-CR-00371-O |
| **LACIE REBEKAH WHISENANT (01)** | § | |
| **HAI MINH BUI (02)** | § | |
| Defendants. | § | |

## ORDER SETTING SCHEDULE FOR SENTENCING

The schedule for sentencing the defendant in this case and all necessary events and requirements prior to the defendant's sentencing are set out below.

1. The probation officer shall conduct a presentence investigation and prepare a presentence report ("PSR").

2. Counsel for the defendant shall be present at the initial interview between the defendant and the probation officer (with recent familiarity with U.S.S.G. § 3E1.1, application note 1(a)) and, **within three (3) government working days** from the date of this order, shall schedule the interview with the probation officer assigned to prepare the PSR.

3. Counsel for United States of America, **within five (5) government working days** of this order, shall deliver to the probation officer a written report setting out with specificity:

   a. all information possessed by the office of the United States Attorney for the Northern District of Texas that is relevant to (i) the sentencing of the defendant or (ii) the acceptability of the plea agreement, if any, including, but not limited to:

      (1)   all criminal history of the defendant;
      (2)   all criminal conduct of the defendant (whether or not charged) occurring at any time;
      (3)   all statements made by the defendant (including transcripts that already have been made of recorded statements) and all other notes, memos, or other writings pertaining to any statement made by the defendant;
      (4)   all investigative reports pertaining to the offense of conviction and to relevant conduct; and

   b. if the defendant was convicted after trial, a written summary of any evidence presented at trial not cumulative of the information provided pursuant to 3.a., above, and that is relevant to the sentencing of the defendant including especially, but not limited to, evidence that the defendant obstructed justice and evidence of relevant conduct; and

   c. in any case in which restitution can be ordered under 18 U.S.C. § 3663 or 18 U.S.C. § 3663A as a result of the defendant's criminal conduct, to the extent known to the government, the full names of all identified victims of defendant's criminal conduct for which restitution can be ordered, the amount of loss subject to restitution for each identified victim, each identified victim's complete address, and each identified victim's telephone number; provided, however, that all information provided to the probation officer pursuant to this paragraph is confidential and for the exclusive use of that office and this Court.

  4. If, during the presentence investigation, it is determined that Texas Youth Commission ("TYC") records are needed, the Court orders the TYC to release these records to the Probation Officer assigned to prepare the PSR, acting in the performance of the officer's official duties pursuant to Federal Rule of Criminal Procedure 32. The specific records that are to be released include documents pertaining to the defendant's social history, court disposition records, substance abuse treatment records, psychological evaluations, other mental health treatment records, educational records, general health records, adjustment while incarcerated records, and release dates from the TYC. All information provided to the probation officer pursuant to this paragraph is confidential and for the exclusive use of that office and this Court.

  5. The probation officer shall deliver the PSR to the Court, and provide copies to the defendant and counsel for the parties**, no later than May 11, 2023**.

  6. Written objections to the PSR in the form illustrated in Exhibit A attached hereto, or written notice of no objections, shall be filed and delivered to the Court, the probation officer, and counsel for the parties **no later than May 25, 2023.**

  7. A written response to the opposing party's objections to the PSR shall be electronically filed with the clerk of Court and a judge's copy delivered to the clerk's office **no later than June 1, 2023**.

  8. If written objections to the PSR have been timely filed, the probation officer shall electronically file an addendum to the presentence report and deliver a judge's copy to the clerk's office **no later than June 8, 2023.**

  9. Each party shall deliver to the Court, the probation officer, and counsel for the parties **no later than June 8, 2023**, any other item the party wishes the Court to consider in connection with sentencing, including sentencing memoranda, character letters, and victim statements.[1] No sentencing memorandum will be longer than 25 pages in length. All character letters and victim statements written in a **foreign language** must be translated into English prior to submission to the Court. At the sentencing, the Court will hear from no more than 3 character witnesses on defendant's behalf.

  10. Any motion for a sentence above or below the advisory guideline range set out in the PSR shall be filed with the district clerk, a copy of the motion shall be delivered to the clerk's office, and a

---

[1] Character letters and victim statements are **not** to be filed (manually or electronically) with the clerk of Court.

copy shall be delivered to the probation officer **no later than June 8, 2023**.[2] Such a motion and any response thereto may be filed under seal without being accompanied by a motion to seal so long as the motion for departure (or the response thereto) contains in its title the notation, "UNDER SEAL PURSUANT TO SCHEDULING ORDER."[3]

11.  Any party served with a motion for upward departure or downward departure or sentencing memorandum or a request for sentencing variance shall electronically file a response with the district clerk and a judge's copy shall be delivered to the clerk's office **no later than June 15, 2023**.

12.  Written objections to the addendum to the PSR, or written notice of no objections, shall be filed and delivered to the Court, the probation officer, and counsel for the parties no later than **June 15, 2023**.

13.  The sentencing hearing is set for **July 7, 2023 at 9:00 am in Fort Worth, Texas, 2nd Floor Courtroom.**

14.  The parties must be prepared at the sentencing hearing to present evidence, arguments, and legal authorities related to any factual or legal issues that are raised by the PSR or any addendum thereto or any objection to either.

15.  All motions and responses to motions any party wishes the Court to consider in connection with any sentencing matter shall be filed with the clerk of Court. If a party desires the sealing of any such motion or response, the heading of the instrument must state that the document is being filed "under seal" and, except as set out in numbered paragraph 10, above, be accompanied by a motion to seal.

**SO ORDERED** on this **March 22, 2023.**

_/s/ Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[2] Any party moving for a sentence above or below the advisory guideline range must set out in detail the facts that support such motion. The party must also clearly indicate whether the party is seeking an upward or downward departure under Chapters Four or Five of the United States Sentencing Guidelines or is seeking a sentence outside the guidelines regime under 18 U.S.C. §3553(a), or both. If the party is seeking a sentence under subsection (a) of § 3553, the party must identify the paragraphs and subparagraphs of subsection (a) that the facts implicate in support of a sentence above or below the advisory guideline range and demonstrate in detail how they do so.

[3] Motions for a sentence above or below the advisory guideline range filed under seal may be filed electronically pursuant to Local Criminal Rule 55.3.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No.  4:22-CR-00371-O |
| | § | |
| LACIE REBEKAH WHISENANT (01) | § | |
| HAI MINH BUI (02) | § | |
| | § | |
| Defendants. | § | |

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW, JOHN DOE, defendant, by and through his attorney of record, Jane Doe, and hereby submits these written objections to the presentence investigation report (PSR) dated January 3, 1994, as prepared by U.S. Probation Officer, Don Smith, and shows as follows:

OBJECTION NO. 1:

Defendant objects to paragraph 10 on page 3 of the PSR because . . . .

OBJECTION NO. 2:

Defendant objects to paragraph 25 on page 7 of the PSR because . . . .

WHEREFORE, Defendant respectfully submits these written objections to the presentence investigation report and requests the Court to sustain the objections and to grant such other and further relief as may be warranted.

Respectfully submitted,

Jane Doe
State Bar No. 00000000
FIRM NAME
ADDRESS
TELEPHONE NUMBER
Attorney for John Doe

**EXHIBIT "A"**

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing Defendant's Written Objections to Presentence Investigation Report have been served upon the Assistant U.S. Attorney and U.S. Probation Officer on this the _____ day of _____, «obj_psr_due \@ yyyy».

_____
Jane Doe

**EXHIBIT "A"**